UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDDIE J. LOWE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:21-cv-00246-JPH-MG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS HABEAS PETITION**

Eddie Lowe is an Indiana prisoner. His habeas petition challenges his prison disciplinary conviction under Case No. WVS 20-12-0049. The respondent's motion to dismiss, which argues that Mr. Lowe's disciplinary conviction has been vacated, is now before the Court.

**I. LEGAL STANDARD**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison is "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

## II. BACKGROUND

Mr. Lowe was found guilty of violating Indiana Department of Correction Code A-100. Dkt. 10-2. He lost 6,536 days of earned credit time and received a 2-step demotion in credit-earning class. *Id.* He was also placed in disciplinary segregation for 1 year. *Id.*

His disciplinary conviction and sanctions were later vacated during the administrative appeals process, and his case was designated for rehearing. Dkt. 10-1. The respondent has filed a motion to dismiss, arguing that Mr. Lowe is no longer "in custody" for purposes of this petition. Dkts. 10, 11.

In response, Mr. Lowe argues that his sanctions have not been vacated. He acknowledges that his disciplinary conviction was officially vacated through the appeals process, *see* dkt. 12-1, p. 1, but he argues that his earliest possible release date does not reflect this reversal. According to Mr. Lowe, his earliest possible release date was previously listed as May 9, 2038. Dkt. 12, p. 4. After his disciplinary conviction, his earliest possible release date was listed as June 26, 2047. *Id.* He also says that he is still in disciplinary segregation as a result of this conviction. *Id.*

The Court takes judicial notice of Mr. Lowe's online prison record, which lists his earliest possible release date as June 8, 2038.[1]

## III. DISCUSSION

Mr. Lowe's disciplinary conviction under WVS 20-12-0049 has been vacated. Therefore, the Court has no jurisdiction to consider whether he received adequate due process at his disciplinary hearing. Contrary to Mr. Lowe's argument, his earliest possible release date indicates that his loss of earned credit time under this conviction has not been imposed.

---

[1] https://www.in.gov/apps/indcorrection/ofs/ofs?lname=lowe&fname=eddie&search1.x=0&search1.y=0.

The Court notes that his earliest possible release date is currently listed as June 8, 2038. This is 30 days past the time Mr. Lowe says he was scheduled to be released before he received this disciplinary conviction. The Court makes no findings about the reason for this discrepancy. It's possible that Mr. Lowe is mistaken about what his earliest possible release date was before this disciplinary conviction. Or he might have lost 30 days of earned credit time for a separate reason. Or prison officials might have made a clerical oversight in calculating his credit time. Whatever the reason, it has nothing to do with the claims he presents in this petition because both parties have acknowledged that the grievous sanctions have been vacated. *See* dkt. 12-1.

Finally, the fact that Mr. Lowe remains in disciplinary segregation is not relevant. A habeas petition must challenge the fact or duration of confinement; it may not challenge the conditions of confinement, including placement in disciplinary segregation. *See Holleman v. Finnan*, 259 F. App'x 878, 879 (7th Cir. 2008); *Montgomery*, 262 F.3d 641, 643-44 (7th Cir. 2001).

## IV. CONCLUSION

The respondent's motion to dismiss, dkt. [10], is **GRANTED**. Mr. Lowe's habeas petition is **DISMISSED without prejudice**. Final judgment in accordance with this Order shall now issue. **SO ORDERED.**

Date: 10/21/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

EDDIE J. LOWE
992238
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov